UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
WILLIAM R. BROOKS,                 )
                                   )
            Plaintiff,             )
                                   )
    v.                             )    Civil Action No. 12-1788 (PLF)
                                   )
U.S. DEPARTMENT OF JUSTICE,        )
                                   )
            Defendant.             )
_____)

MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss for failure to state a claim [ECF No. 10].[1]  For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

Plaintiff is in the custody of the Federal Bureau of Prisons ("BOP") serving a term of 85 months' incarceration.  As described by Judge Gwin in his opinion denying plaintiff's motion under 28 U.S.C. § 2255 to vacate or correct his sentence:

> On March 27, 2008, a federal grand jury indicted Petitioner Brooks and two co-defendants, for, among other things, conspiracy and bank fraud . . . .  [T]he government filed a superseding indictment against Brooks, and Brooks appeared *pro se* during the arraignment hearing on the superseding indictment.

---

[1]  Plaintiff's Request to Enter Default of Department of Justice [ECF No. 17] will be denied.  Defendant requested, and the Court granted, an extension of time to May 15, 2013 to file its Reply, and defendant filed its Reply on that date.

> A jury trial was scheduled to commence on April 2, 2009. But on the day of trial, Brooks changed his plea and entered into a plea agreement. With the plea agreement, Brooks agreed to plead guilty to all seventeen counts. The court sentenced Brooks to a term of 85 months' incarceration on Counts one through seventeen, to be followed by a five-year term of supervised release.

*Brooks v. United States*, No. 1:08-CR-141, 2012 WL 3075129, at *1 (N.D. Ohio July 28, 2012) (citations and footnote omitted).

In his complaint in the instant case, plaintiff sets forth many more legal conclusions than factual allegations.[2] Upon review of the exhibits plaintiff has attached to his complaint, it is apparent that he is challenging the accuracy of information in the presentence investigation report ("PSI") prepared in connection with his prior offense conduct. *See generally* Compl. at 7-10; *see id.*, Ex. (Privacy Act Request) [ECF No. 1 at 20]. Specifically, plaintiff objects to "the offense conduct detailed in paragraphs 86 an[d] 90" of the PSI with respect to "two questioned offenses (Aggravated Assault in Case No. CR300707 and Domestic Violence in Case No. CR442393, both cases in the Cuyahoga County Court of Common Pleas)." Compl., Ex. (Letter to plaintiff from Keith Schutter, Supervising U.S. Probation Officer, United States Probation Office for the Northern District of Ohio, dated February 7, 2012) [ECF No. 1 at 10]. Plaintiff later opines that, based on his prior state convictions, the judge "sentenced [him] to the mid-point of the advisory guideline range due to his propensity to commit violent acts as denoted in the [PSI]." Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 7. According to plaintiff,

---

[2] Plaintiff submitted his pleading on a preprinted form designed for the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court construed the pleading as a civil complaint under the Privacy Act against the United States Department of Justice. Plaintiff has not numbered his exhibits, and the Court identifies them by the page numbers designated by the Court's Electronic Filing System ("ECF").

2

the Federal Bureau of Prisons ("BOP"), in turn, allegedly relied on this inaccurate retelling of plaintiff's offense conduct and, for that reason, deemed him ineligible for designation to "a lower security facility . . . closest to his release residence that would allow for better family ties." *Id.*

According to plaintiff, BOP failed to ensure the accuracy of information in its records about him, Compl. at 7 (Ground One), notwithstanding submission of official plea hearing transcripts to support his challenge, *id.* at 8 (Ground Three), and it intentionally continues to maintain such false records so as to cause him "adverse harm and injury." *Id.* at 9 (Ground Four). Plaintiff demands amendment of the false information contained in the PSI and reinstatement of "all rights, privileges, and benefits to which [he] would have . . . been entitled." *Id.* at 9 (Request for Relief).[3] The Court presumes that, through this litigation, plaintiff seeks reassessment of his custody classification by BOP and a designation to a lower security facility. *See id.*, Ex. (Request for Administrative Remedy and responses of the Warden of FCI McDowell and the Director of the Mid-Atlantic Region) [ECF No. 1 at 26-30].

---

[3] In Ground Two, plaintiff alleges that the United States Probation Office ("USPO") "deprived [him] of Due Process when it failed to provide a written response" to his request that the USPO investigate plaintiff's challenge. Compl. at 8 (Ground Two). As an arm of the federal courts, the USPO is not subject to the Privacy Act. *See Kates v. King*, No. 12-1835, 2012 WL 2583374, at *2 (3d Cir. July 5, 2012) (per curiam), *cert. denied*, 133 S. Ct. 793 (2012); *Fuller-Avent v. U.S. Prob. Office*, 226 F. App'x 1, 2 (D.C. Cir. 2006). Furthermore, plaintiff's constitutional claim arising from alleged violations of the Privacy Act is not cognizable because such a claim is "encompassed within the Privacy Act's comprehensive remedial scheme." *Griffin v. Ashcroft*, No. 02-5399, 2003 WL 22097940, at *2 (D.C. Cir. Sept. 3, 2003) (per curiam) (citations omitted).

## II.  DISCUSSION

"The Privacy Act regulates the collection, maintenance, use, and dissemination of information about individuals by federal agencies." *Wilson v. Libby*, 535 F.3d 697, 707 (D.C. Cir. 2008) (internal quotation marks and citations omitted).  Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  An individual may request access to and amendment of an agency's records or information in a system of records pertaining to him.  *See id.* § 552a(d).  That individual may file a civil action against an agency which "makes a determination . . . not to amend an individual's record in accordance with his request," *id*. § 552a(g)(1)(A), or if the agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

*Id*. § 552a(g)(1)(C).  And if the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees.  *Id*. § 552a(g)(4).

An agency head may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act, *except* subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).

Pursuant to this statutory authority, regulations have been issued that exempt the BOP's Inmate Central Records System (JUSTICE/BOP-005), among other systems, from subsections (d) and (g) of the Privacy Act. *See* 28 C.F.R. § 16.97(a)(1), (4). An inmate's PSI and custody classification form are part of his Inmate Central File. *See* BOP Program Statement 5800.11, Inmate Central File, Privacy Folder and Parole Mini-Files (12/31/1997) at 5, 7. Consequently, insofar as plaintiff demands amendment of his PSI, such relief is simply unavailable under 5 U.S.C. § 552a(g) because his Inmate Central File is maintained in a system of records that is exempt from the Privacy Act's amendment provision. *See White v. U.S. Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("[P]resentence reports and BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act," and, therefore, the appellant "is barred from seeking amendment of his presentence report"); *Jacobs v. Bureau of Prisons*, 845 F. Supp. 2d 224, 229 (D.D.C. 2012) ("[I]nsofar as plaintiff demands the access to or amendment of his PSI, such relief is unavailable under 5 U.S.C. § 552a(g)."), *aff'd*,

5

No. 12-5129, 2012 WL 6603085, at *1 (D.C. Cir. Dec. 17, 2012) (per curiam); *Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 6-7 (D.D.C. 2009) (same); *Meyer v. Fed. Bureau of Prisons*, 940 F. Supp. 9, 13-14 (D.D.C. 1996) (granting summary judgment for BOP on claim for amendment of custody classification form maintained in an exempt system of records).

In addition, under 5 U.S.C. § 552a(j)(2), the BOP's Inmate Central Records System is exempt from subsection (e)(5) of the Privacy Act. *See* 28 C.F.R. § 16.97(j); *see also* 28 C.F.R. § 16.97(k)(2). [3] The BOP having exempted the Inmate Central Records System (and the Inmate Central Files maintained therein) from the substantive provision regarding the agency's recordkeeping obligations, there remains no remedy at law for any harm resulting from inaccuracies in the agency's records. *See Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam) (upholding dismissal of Privacy Act claims against BOP because Inmate Central Record System is exempt from subsection (e)(5) of the Privacy Act); *Reeves v. Fed. Bureau of Prisons*, 885 F. Supp. 2d 384, 388 (D.D.C. 2012) (dismissing claim under Section 552a(e)(5) challenging accuracy of sentence computation and good conduct credit information in Inmate Central File); *Earle v. Holder*, 815 F. Supp. 2d 176, 181-82 (D.D.C. 2011) ("It is settled that inmate records maintained by BOP, including presentence reports, have been exempted from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)) and from its damages provision (subsection (g))."), *aff'd*, No. 11-5280, 2012 WL

---

[3] The variation in language between subsections (e)(5) and (g)(1)(C) of the Privacy Act is "of no substantive significance." *Doe v. United States*, 821 F.2d 694, 698 n.10 (D.C. Cir. 1987) (en banc).

1450574, at *1 (D.C. Cir. Aug. 12, 2012) (per curiam); *Truesdale v. U.S. Dep't of Justice*, 731 F. Supp. 2d 3, 9 (D.D.C. 2010) (same).

   Plaintiff acknowledges the BOP Director's authority to exempt systems of records from certain Privacy Act provisions pursuant to 5 U.S.C. § 552a(j)(2), and directs the Court's attention to two provisions from which exemption is not permitted: subsections (e)(9) and (e)(10). *See* Pl.'s Opp'n at 5.  He points out that under subsection (e)(9) the BOP remains obligated to "establish rules of conduct for persons involved in the design, development, operation, or maintenance of any system of records, or in maintaining any record, and instruct each such person with respect to such rules and the requirements of this section, including any other rules and procedures adopted pursuant to this section and the penalties for noncompliance." 5 U.S.C. § 552a(e)(9).  Furthermore, under subsection (e)(10), the BOP must "establish appropriate administrative, technical and physical safeguards to insure the security and confidentiality of records and to protect against any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained."  5 U.S.C. § 552a(e)(10). Plaintiff neither articulates the relevance of these two provisions, nor cites any authority for the proposition that these provisions vitiate the regulations which the Inmate Central Records System is exempt from the amendment and accuracy provisions of the Privacy Act.

   Finally, the Court notes that the Privacy Act only "allows for amendment of factual or historical errors. It is not a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy,* 956 F.2d 335, 337–38 (D.C. Cir. 1992); *see Allmon v. Fed. Bureau*

7

*of Prisons,* 605 F. Supp. 2d at, 7 ("The Privacy Act is not a means to challenge the opinions or judgments of the agency."). Plaintiff cannot force BOP to change his custody classification by means of a civil suit under the Privacy Act. *See id.*; *Conklin v. Bureau of Prisons,* 514 F. Supp. 2d 1, 6 (D.D.C. 2007) (concluding that plaintiff's "custody classification reflects the judgment of the BOP staff, and, therefore, is not subject to amendment under the Privacy Act").

### III. CONCLUSION

Because plaintiff's complaint fails to state a claim under the Privacy Act upon which relief can be granted, defendant's motion to dismiss will be granted. An appropriate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 7, 2013